### McDERMOTT v. SCULLY.

COLLECTORS—*Authority of, to sell property for payment of taxes.*—The collector of taxes has not a general authority to sell property, liable by law to be sold for the payment of taxes, but to sell only at the time and in the manner prescribed by law.

TAX-TITLE—*Deed when void for want of recital, etc.*—Where the law requires an order of court for the sale of property for the non-payment of taxes, and that the sale be made at a specified time, the omission of the sheriff's deed to recite that the sale was made in pursuance of such order, or at the time required, renders the deed void, and such defect cannot be aided by evidence *aliunde.*

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

*Clark & Williams,* for Appellant.

The deed was properly executed. It is in due form and recites all the prerequisites necessary to be contained in a tax deed.

The statute, *Gould's Digest, Chap.* 148, *Sec.* 112, makes such deeds good and valid titles, in law and equity, and evidence of the *legality and regularity* of the sale of such lands until the contrary appears.

*Ben T. DuVal,* for Appellee.

The court did not err in excluding the deed from the jury.

The authority of the collector in the sale of lands for the non-payment of taxes due thereon is special, and he can only sell such lands as are liable by law to be sold for taxes, and only in the manner prescribed by law; the authority of the officer must be strictly pursued. *Hogins vs. Brashears*, 13 *Ark.*, 242. The recitals in the deed fail to show this.

HARRISON, J.—This was an action by William McDermott, against Michael Scully, to recover the possession of a parcel of land, containing five acres.

The answer of the defendant denied the plaintiff's title, and that he withheld the premises from him.

Upon the trial, the plaintiff offered in evidence a deed to him, for the land in controversy, from the sheriff and collector of taxes of Sebastian county, executed and acknowledged on the 26th day of February, 1870, but the court refused to allow it to be read to the jury.

The deed, among other things recited: That the north-west quarter of the north-west quarter of section thirty-three, in township eight north, in range thirty-two west, of which the parcel, in controversy, is a part, was in the year 1859, assessed in the name of James Watson, for taxation, as the property of a non-resident—that the taxes not having been paid within the time prescribed by law, the same was advertised for sale, on the 30th day of April, 1860, and on that day, ten acres, in the south-west corner of the tract, including the said five acres, was sold to George S. Birnie, for the taxes, penalty and costs, and that the said Birnie, afterwards, assigned the certificate of purchase to William McDermott, the grantee. The said deed contained no recital of any order of the County Court authorizing and directing the collector to make the sale on that day, but, it further recited that the said James Watson was, at the time of both the assessment and sale, a resident of the county, and that he had no personal property upon which the collector might have levied and distrained for the taxes. No other evidence being offered,

the verdict was returned for the defendant. The plaintiff moved for a new trial, assigning, as ground therefor, the exclusion of the deed from the jury, and his motion being overruled he appealed.

The collector of taxes has not a general authority to sell property, liable by law to be sold for the payment of taxes, but to sell only at the time and in the manner prescribed by law. *Black. on Tax Titles,* 46; *Hogins vs. Brashears,* 13 *Ark.,* 242; *Merrick & Fenno vs. Hutt,* 15 *Ark.,* 331; *Patrick vs. Davis, ib.* 366; *Bonnell vs. Roane,* 20 *Ark.,* 114.

By the law in force, when the sale was made, the second Monday in March was the time appointed in each year for the sale of land for taxes, and the collector had no authority to sell on any other day, unless, upon a failure to offer the lands of non-residents, the County Court, for good cause shown, should have ordered a sale of them on some other day designated by it. *Sections* 108, 136, *Chap.* 148, *Gould's Digest.* The deed, as we have said, contained no recital of such an order, and as it affirmatively appeared, upon its face, that the sale was made in violation of the statute, which required the sale to be on the second Monday in March, was void, and could not have been aided by evidence *aliunde,* if any had been offered at the trial. *Bonnell vs. Roane, supra; Hogins vs. Brashears, supra.*

The recital, in the deed, that the said James Watson, in whose name the land was assessed, was a non-resident of the county, and had no personal property to be levied on and distrained for the taxes due upon it, if true, could not obviate the objection to the sale, for the second Monday in March was the day fixed by law for the sale of the lands of residents as well, as those of non-residents. As to that matter, however, the tax book was conclusive, and the statute required the collector to proceed against the land as it was assessed. *Merrick & Fenno vs. Hutt, supra; Kingsworthy vs. Mitchell,* 21 *Ark.,* 145; *Gossett vs. Kent.,* 19, *Ark.,* 602.

The deed was properly excluded from the jury, and the judgment is therefore affirmed.